THE KELBER LAW GROUP, LLC
STEVEN KELBER, D.C. Bar No. 358515
1875 Eye Street, N.W.
Suite 500
Washington, D.C. 20006

Attorneys for Plaintiff
TOWER LABORATORIES, LTD.

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| TOWER LABORATORIES, Ltd. | Case No. _____ |
|---|---|
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | **DEMAND FOR JURY TRIAL** |
| LUSH COMSETICS LIMITED<br>LUSH LTD.<br>LUSH HANDMADE COSMETICS LTD.<br>LUSH COSMETICS LLC<br>LUSH INTERNET INC.<br>LUSH MANUFACTURING LTD.<br>LUSH LICENSING, INC.<br>COSMETIC WARRIORS, LLC<br>&<br>LUSH COSMETICS NY, LLC DBA<br>LUSH COSMETICS OF GEORGETOWN | |
| Defendants. | |

Plaintiff, Tower Laboratories, Ltd. ("Tower"), brings this civil cause of action against Defendants LUSH COSMETICS LIMITED, LUSH LTD., LUSH HANDMADE COSMETICS LTD., LUSH COSMETICS LLC; LUSH INTERNET INC., LUSH LICENSING INC, LUSH MANUFACTURING LTD., COSMETIC WARRIORS, LLC; and LUSH COSMETICS NY, LLC d/b/a LUSH COSMETICS OF GEORGETOWN (hereinafter the "Lush Entities").

**NATURE OF THE ACTION**

1. Plaintiff Tower seeks legal relief for actual, induced and contributory

-1-

infringement of United States Patent 6,121,215 (the "215 Patent").  The Lush Entities, individually and collectively were made aware of the '215 Patent and their infringement thereof before the filing of this suit. Their response was simply to reject the possibility of settlement but not deny infringement. See Exhibits A, B, C and D hereto. The infringement is accordingly willful.

## **THE PARTIES**

2. Plaintiff Tower Laboratories, Ltd. is a market leader engaged in the manufacture and sale of effervescent products sold into the personal care, medical device, pharmaceutical, nutraceutical and cleaning industries. Tower has a place of business in Centerbrook, Connecticut and is the owner of the '215 Patent.

3. Defendant Lush Cosmetics Limited is a corporation of the United Kingdom with a place of business in Dorset, England. On information and belief, Lush Cosmetics Limited is a principal owner of Lush Ltd., a corporation of the United Kingdom with a place of business in Dorset, England, which is, on information and belief, the operating corporation of the Lush Entities in the United Kingdom and through its direct and indirect ownership interests in the Lush Entities, directs or participates in, and supports the offer of sale, sale, and importation into the United States of America of products which infringe the '215 Patent.

4. Defendant Lush Ltd., on information and belief, is a shareholder in what is referred to on Lush websites and in some filing papers as Lush North America a/k/a Lush Handmade Cosmetics Ltd. which is, on information and belief, a

-2-

Canadian corporation with a place of business in Vancouver, Canada. Lush Handmade Cosmetics Ltd. controls and directs the manufacture, offer of sale, sale and importation into the United States of America, and the resale to end customers in the United States of America through retail stores and the Internet, of products which infringe the '215 Patent.

5. Defendant Lush Manufacturing Ltd. is, on information and belief, a Canadian corporation with a place of business in Vancouver, Canada which manufactures for sale, and sells, products for sale in the United States of America which infringe the '215 Patent.

6. Defendant Lush Cosmetics LLC is, on information and belief, a Delaware limited liability company engaged in the manufacture, sale and importation of cosmetic and beauty products into the United Stated of America, including effervescent products that infringe the '215 Patent. On information and belief, Lush Cosmetics LLC has a place of business in Vancouver, Canada.

7. Defendant Lush Internet Inc., a Nevada corporation doing business as Lush Fresh Handmade Cosmetics, is, on information and belief, engaged in the sale of cosmetic and beauty products into the United States of America, including effervescent products that infringe the claims of the '215 Patent. Sales of these products are made over the Internet to end customers within the United States of America, and shipped to them. On information and belief, Lush Internet Inc. has a place of business in Vancouver, Canada.

8. Defendant Lush Licensing, Inc., a Nevada corporation, is, on information and belief, engaged in the formation and licensing of retail stores within the United States of America where products made, imported and sold by the Lush Entities are offered for sale to end customers, including effervescent products that fall within the scope of the '215 Patent. On information and belief, Lush Licensing, Inc. has a place of business in Vancouver, Canada.

9. Defendant Cosmetic Warriors Limited is, on information and belief, a holding company based in the United Kingdom, which owns, inter alia, intellectual property made and used by the Lush Entities in the sale and manufacture, importation into the United States of America and offer for sale, of effervescent products that infringe claims of the '215 Patent.

10. Lush Cosmetics NY, LLC d/b/a Lush Cosmetics of Georgetown, on information and belief, operates a retail business engaged in the sale of cosmetic and beauty products including effervescent products that infringe the '215 Patent. Lush Cosmetics NY, LLC is a Delaware limited liability company with a place of business at 3066 M St NW, Washington, DC 20007 within this judicial district.

11. On information and belief, Cosmetic Warriors Limited, Lush Ltd., Lush Cosmetics Limited, Lush Handmade Cosmetics Ltd., Lush Cosmetics LLC, Lush Internet Inc., Lush Licensing, Inc. and Lush Cosmetics NY, LLC actively work and cooperate together to promote the sale of beauty and cosmetic products in

the United States of America that include effervescent products that fall within the scope of claims of the '215 Patent.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over Plaintiff's claims for patent infringement pursuant to 28 U.S.C. §1338(a).  Venue is proper in this judicial district as Defendants have committed acts of infringement and reside here.  28 U.S.C. §1400(d).

## PATENT IN SUIT

13. Plaintiff Tower is the owner of the entire right, title and interest in and to U.S. Patent No. 6,121,215. This patent is referred to herein as the '215 Patent. The '215 Patent issued on September 19, 2000 and was subsequently assigned to Tower. That assignment is recorded Reel 023586/ frame 0324 at the United States Patent & Trademark Office.

14. On information and belief, in light of the publication of the award of the Patent, the Lush Entities were aware of the '215 Patent shortly after its issuance in September, 2000. The '215 Patent, as well as the infringement of the '215 Patent by the Lush Entities was brought to their attention subsequently by letter delivered by hand. Exhibit A to this Complaint.

15. The '215 patent presents thirteen (13) claims directed to foaming effervescent bath products and methods of making those products.  The '215 Patent is Exhibit E to this Complaint.

# RECITATION OF PERTINENT FACTS

16. Tower has been engaged in the manufacture and sale of effervescent products sold into the personal care, medical device, pharmaceutical, nutraceutical and cleaning industries since the 1970s. On August 27, 1999, the '215 Patent was filed as U.S. Patent Application 09/384,431 following an extensive prior art search to identify any foaming effervescent bath products published in the art. The results of that search are recounted in Columns 2 – 4 of the '215 Patent as issued.

17. The invention of an effervescent product, with a surfactant, at a density not substantially great than one, prepared so as to dissolve at a speed such that the product would create a foam, was found to be novel and unobvious by the United States Patent & Trademark Office, and the patent was granted.

18. The Lush Entities manufacture a large number of effervescent products. Of these, many referred to in Lush stores and on the Lush Internet Inc. website as "Bath Bombs" have a density no greater than one, and are compounded with a surfactant. On the Lush Internet Inc. website at least one video is available showing Lush products are made according to the method of the claims of the '215 patent.

19. The names for the effervescent products offered for sale by the Lush Entities change over time, but among the products offered for sale in the United States of America that infringe the claims of the '215 Patent are included products with the following trade names: Intergalactic, Pop in the Bath, Fizzbanger, Guardian of the Forest, Yoga Bomb. Golden Egg, Over and Over, Dragon's Egg, The Experimenter, Twilight, Ups-A-Daisy,

Metamorphosis, Frozen, Pink, Yellow Submarine and Rocket Science. It is anticipated that other products will be identified through discovery.

20. The Lush Entities market their infringing products through a variety of channels – through retail stores owned and operated, directly or indirectly, by Lush Entities, such as that of defendant Lush Cosmetics NY, LLC, over the Internet through a website and facilities maintained and operated by Lush Internet Inc., and by direct marketing. The importation of the infringing products, their sale into the United States of America, and the offer of sale, as well as their use in demonstrations by Lush Cosmetics NY, LLC, all infringe the claims of the '215 Patent.

21. In June of 2017, Tower brought the infringement of its '215 Patent to the attention of the Lush Entities by hand delivered mail. See Exhibit A. Rather than engage Tower in discussion of an appropriate resolution of the issue, counsel for the Lush Entities made a vague reference to provisions of Canadian law. Counsel for the Lush Entities also made unsupported assertions of use or sale of its infringing products in the United States of America prior to the filing date of the '215 Patent. The response, Exhibit B, did not deny infringement but refused to entertain any sort of discussion.

22. Tower responded by noting specific products sold by the Lush Entities that were infringing, and indicating it could find no record of any such prior use in the United States of America (on information and belief, the Lush Entities did not begin sales into the United States of America until 2003), and again invited discussion. Exhibit C. The Lush Entities responded through counsel that they would not entertain further discussion, without answering any of the questions raised. Exhibit D. Significantly, at no time did the Lush Entities ever deny the assertions that Lush products falling within

the scope of the '215 Patent claims were being sold and offered for sale by them in the United States of America.

23. Being offered no alternative, Tower has filed this suit.

### Count 1 – Infringement of U.S. Patent No. 6,121,215

The averments of paragraphs 1-23 are incorporated herein.

24. The Lush Entities import, offer for sale and sell compositions into the United States of America, including in this judicial district, comprising an effervescent couple, a surfactant that is substantially dry, prepared at a density no greater than one. These products exhibit a dissolution rate in water at 40ºC of at least about 0.4 g/sec.

25. Lush Cosmetics NY, LLC sells and demonstrates in this judicial district , and thus uses here, compositions comprising an effervescent couple, a surfactant that is substantially dry, prepared at a density no greater than one and exhibit a dissolution rate in water at 40ºC of at least about 0.4 g/sec.

26. The Lush Entities were made aware of their ongoing infringement of the '215 Patent, and offered the opportunity to resolve the issue of that infringement on a reasonable basis. The Lush Entities spurned that offer with no justification for their ongoing infringement. Accordingly, that ongoing infringement is willful.

.

## **LEGAL PRAYER**

WHEREFORE, Tower prays this Honorable Court

-8-

    a. Award Tower damages as measured by a reasonable royalty by reason of the infringement of the '215 Patent by the Defendants in excess of ten million dollars.

    b. Award Tower enhanced damages for infringement of the '215 Patent as the infringement was willful and intentional.

    c. Award Tower such other relief as may be determined to be just by this Honorable Court.

A <u>TRIAL BY JURY</u> PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Dated:  September 18, 2017

By        */s/  Steven B. Kelber*

            STEVEN B. KELBER

            Attorney for Plaintiff

CERTIFICATE OF SERVICE

I certify that a copy of the forgoing Complaint was provided to counsel for the Defendants by hand, through the use of the services of Federal Express, this 18th day of September, 2017.

/s/ Steven B. Kelber