UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| TOWER LABORATORIES, Ltd. | |
| Plaintiff, | |
| v. | Case No. 1:17-cv-01913 (JEB)__ |
| LUSH COMSETICS LIMITED<br>LUSH LTD.<br>LUSH HANDMADE COSMETICS LTD.<br>LUSH COSMETICS LLC<br>LUSH INTERNET INC.<br>LUSH MANUFACTURING LTD.<br>LUSH LICENSING, INC.<br>COSMETIC WARRIORS, LLC<br>&<br>LUSH COSMETICS NY, LLC DBA LUSH COSMETICS OF GEORGETOWN | Judge  James E. Boasberg |
| Defendants. | |

## PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS

Plaintiff Tower Laboratories, Ltd. (hereinafter "Tower") herewith answers and responds to claims and assertions of fact that may be present in the portion of Defendants' pleadings styled "Remaining Defendants' Counterclaims."  Response is made by paragraph, seriatim.

1.     Admitted that the "Remaining Defendants" have brought at least one counterclaim.    Denied as to any other assertion of fact or claim of entitlement.

2.     Plaintiff has no actual or personal knowledge as to the truth of the matters asserted, and so denies them.

3.     Denied.  See Paragraph 2.

4.     Denied.  <u>See</u> Paragraph 2.

5.     Denied.  <u>See</u> Paragraph 2.

6.     Denied.  <u>See</u> Paragraph 2.

7.     Denied.  <u>See</u> Paragraph 2.

8.     Tower admits that it has a place of business at 8 Industrial Park Road, Centerbrook, Connecticut 06409.  Denied as to all other allegations.

9.     Denied in part.  Counterclaims 1 and 2 are not properly counterclaims, and thus do not arise under the statutes recited.

10.     These are purely legal assertions as to which no response is required. Any implied allegations of fact are accordingly denied.

11.     Admitted.

12.     Denied.  <u>See</u> Paragraph 10.

13.     Paragraphs 1–12 are advanced as set forth above.

14.     This is a defense, not a counterclaim, Federal Rules of Civil Procedure 8.  Tower denies any factual averments in this paragraph.

15.     This is a legal assertion not requiring a response, and so any implied assertion is denied.   The recitation set forth is not a counterclaim, but a defense.

16.     Paragraphs 1–15 are advanced as set forth above.

17.     This is a defense, not a counterclaim.  Federal Rules of Civil Procedure 8.   Tower denies any factual averments implied in this paragraph.

18.     This is a legal assertion not requiring a response.   Any implied assertions are denied.   The recitation set forth is not a counterclaim, but a defense.

19.     Paragraphs 1–18 are advanced as set forth above.

20.     Denied.

21.     This is a legal assertion that does not require a response.  Any implied allegations of fact are accordingly denied in their entirety.

22.     This is a legal assertion that does not require a response.  Any implied allegations of fact are accordingly denied in their entirety.

23.     This is a legal assertion that does not require a response.  Any implied allegations of fact are accordingly denied in their entirety.

24.     Admitted that Rau was an employee of the Andrew Jergens Company.   Denied that there was ever a corporate entity known as The Andrew Jergens Company/Kao Corporation.   Admitted that at some point in time Rau held the title of Director of Product Development at The Andrew Jergens Company. Denied as to the rest.

25.     Admitted.

26.     Denied as "had knowledge of" is unclear.   Admitted that Rau knew of patents on which he had been named an inventor.

27.     This paragraph does not indicate the time frame in which Rau is asserted to have had knowledge of "additional patents assigned to Kao directed to

3

effervescent bathing compositions."   The assertions are accordingly denied - Rau

could not have had knowledge of patents before they came into existence.

28.     Denied that Rau was aware of all patents assigned to Kao and thus

Tower cannot say whether, at any given time, Rau was aware of all the patents

listed.   Tower lacks knowledge of the global families that correspond to the

patents recited in this paragraph, and so denies the remaining assertions.

29.     Denied.

30.     Denied.   Each of the patents listed or recited is directed to either

tableted effervescent compositions or non-effervescent materials.   For a reference

to have been material to the prosecution of U.S. Patent No. 6,121,215 (hereinafter

"the '215 Patent"), the reference would have had to enable one of skill in the art to

prepare a non-tableted effervescent composition which foams.  The references

listed do not disclose such a composition, and so cannot be material.  Further

denied in that this paragraph references "other information" without characterizing

or identifying such information, and so no factual response can be advanced.

Accordingly, the paragraph is denied.

31.     Tower admits and agrees that U.S. Patent No.  5,478,501 and U.S.

Patent No. 5,965,515 disclose tableted compositions.  As such tableted

compositions cannot have been material to the examination of the '215 Patent, the

remainder of this paragraph is denied.

4

32.     This paragraph includes multiple allegations of fact, many of which are in error.   Tower does admit the U.S. Patent and Trademark Office (hereinafter "USPTO") was supplied by Rau with many references directed to effervescent materials which references were known to Rau.   Tower admits that U. S. Patent No. 5,110,603 lists Rau as the sole inventor.   Tower further admits that because U.S. Patent No. 5,110,603 is directed to a tableted composition which is specifically indicated to be denser than water and so does not float, it could not have been material to examination of the '215 Patent and thus might or might not have been submitted to the attention of the Examiner in the prosecution of the '215 Patent.  All other allegations are denied.

33.     Denied.   Rau could not have developed such an intent, because as noted, references that are directed to tablets and tableted compositions could not be material to examination of the '215 Patent.  One cannot develop an intent to deceive the USPTO by "withholding" a non-material reference.   All other allegations are denied.

34.     Tower agrees that Rau, in the process of prosecution of the '215 Patent, brought to the attention of the USPTO as many references that he could identify that might include material information.   As intended use is not a basis for patentability of the composition of the '215 Patent, many relevant references had uses that include, *inter alia*, "drain cleaners, carpet cleaners, denture cleaners, drug

compositions, laundry detergents, toilet cleaners, mouthwash, compositions for use in ultrasonic cleaning equipment, and jewelry cleaners."   Tower denies that any of the references submitted were submitted with any intention other than to bring relevant prior art to the attention of the Examiner.  All other allegations are denied.

35.     This paragraph includes multiple allegations of fact, all of which are denied as untrue.  The paragraph refers to "the Kao references" without identifying which references are being identified.   None of the references listed in Plaintiff's Counterclaim allegations assigned to Kao disclose an effervescent non-tableted foaming product.   Accordingly, none of the references set forth in Defendant's Counterclaim assigned to Kao Corporation could have been material.  All remaining allegations are untrue and denied.

36.     Admitted that Rau did include in the Specification of the '215 Patent a description of references referring to bathing products.   Further admitted that Rau discussed in the Specification of the '215 Patent products that were not intended as bathing products because end use is not a basis, alone, for distinguishing the claims of the '215 Patent over prior art.   All other allegations are denied.

37.      Specifically denied that any patent identified provides the narrative "that the compositions in the '215 Patent are much too small to generate adequate foam for satisfactory bathing and that they will be too dense to foam well in a

bathtub."   Inspection of the '215 Patent which is in fact the patent-in-suit reveals the Specification nowhere makes such a statement.   The '629 Patent which the paragraph references issued well prior to the preparation and filing of the '215 Patent and so could not, and does not, reference it.   Further denied that submitting a reference to the USPTO and providing arguments why that reference does not render the claims of a patent application unpatentable can ever constitute, without more, inequitable conduct.  This paragraph is confusing, and so is denied in totality.

38.     Denied that a result which provides "10% or more of the bath surface area being covered with foam that did not rapidly disintegrate" is in some fashion contrary to the characterization of the '758 Patent that appears in the '215 Patent Specification.   Denied that bringing prior art to the attention of the USPTO together with arguments distinguishing it over claims presented can constitute, without more, inequitable conduct.  The multiple allegations in this paragraph are otherwise denied.

39.     Denied.  Bringing prior art to the attention of the USPTO together with arguments distinguishing it over claims presented cannot constitute, without more, inequitable conduct.  All other allegations in this paragraph are denied.

40.     This paragraph contains only assertions of law which do not require a specific response.  Any and all allegations implied are denied.

WHEREFORE, Plaintiff prays, in addition to the prayer for relief contained in its Complaint,

That Counterclaim 1 be stricken as an improper counterclaim.

That Counterclaim 2 be stricken as an improper counterclaim.

That Counterclaim 3 be denied.

That this Court grant such further legal and equitable relief to Plaintiff as it finds appropriate.

January 2, 2018                    /s/ Steven Kelber

                                   Steven Kelber
                                   The Kelber Law Group
                                   1875 Eye Street N.W., Suite 500
                                   Washington, D.C. 20006
                                   240-506-6702
                                   steve@kelberlawgroup.com
                                   Counsel for Plaintiff