UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**TOWER LABORATORIES, LTD.,**

Plaintiff,

v.

**LUSH COSMETICS LIMITED,** *et al.*,

Defendants.

Civil Action No. 17-1913 (JEB)

## MEMORANDUM OPINION

Ever wonder what makes your bath bubbly? Our effervescent personal-care products, responds Tower Laboratories, Ltd., in this patent-infringement suit against nine entities affiliated with Lush Cosmetics Limited. Three Lush companies now move to dismiss for improper venue, and the remaining six separately ask that the case against them be transferred to the District of Connecticut. Agreeing, the Court will grant both Motions.

**I.    Background**

According to the Complaint, which must for now be presumed true, Tower "is a market leader engaged in the manufacture and sale of effervescent products sold into the personal care, medical device, pharmaceutical, nutraceutical and cleaning industries." Compl., ¶ 2. The nine Defendants – more on their particular places of residence later – are all affiliated companies; through their sales and importation of cosmetic products, they are all purportedly infringing Tower's United States Patent 6,121,215, known as the '215 Patent. Id., ¶¶ 1, 3-11. One Lush entity – Lush Cosmetics NY, LLC – operates a store in D.C. The Complaint, filed on September 19, 2017, alleges one count of patent infringement. Id. at 8.

1

Defendants have responded with two independent Motions. In the first, three Defendants – Lush Cosmetics LLC, Lush Internet Inc., and Lush Licensing Inc. – move for outright dismissal on the ground of improper venue. In the second, the remaining six Defendants – Lush Cosmetics Limited, Lush Ltd., Lush Handmade Cosmetics Ltd., Lush Manufacturing Ltd., Cosmetic Warriors Limited, and Lush Cosmetics NY, LLC – move for transfer of venue to Connecticut. After setting out the legal standard, the Court addresses each Motion separately.

## II.  Legal Standard

### A.  Rule 12(b)(3) and § 1406 Dismissal

When a plaintiff brings suit in an improper venue, the district court "shall dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); see also Fed. R. Civ. P. 12(b)(3) (may assert improper venue via motion). In considering a Rule 12(b)(3) motion, the Court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Pendleton v. Mukasey, 552 F. Supp. 2d 14, 17 (D.D.C. 2008) (citing Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d 274, 276-77 (D.D.C. 2002)). The Court need not, however, accept the plaintiff's legal conclusions as true, Darby, 231 F. Supp. 2d at 277, and may consider material outside of the pleadings. Artis v. Greenspan, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) (citing Land v. Dollar, 330 U.S. 731, 735 n.4 (1947)). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003); 14D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3826 (4th ed. 2008 & April

2017 update) ("[W]hen an objection has been raised, the burden is on the plaintiff to establish that the district he or she has chosen is a proper venue.").

    B.    § 1404 Transfer of Venue

Even where a plaintiff has brought its case in a proper venue, a district court may, "for the convenience of parties and witnesses, in the interests of justice . . . transfer [it] . . . to any other district . . . where [the case] might have been brought." 28 U.S.C. § 1404(a). District courts have "discretion . . . to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).

## III. Analysis

    A.    § 1406 Dismissal

In considering the Motion to Dismiss of the three Defendants, the Court must analyze the applicability of the patent-venue statute, 28 U.S.C. § 1400(b). That section states, in relevant part, "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." There is no dispute that the three Defendants do not "reside" in the District of Columbia; indeed, Plaintiff itself alleges that they are a Delaware limited-liability company and two Nevada corporations. See Compl., ¶¶ 6-8. In addition, Tower does not contend that any operates a place of business in this city. See In re Cray Inc., 871 F.3d 1355, 1360 (Fed. Cir. 2017) (finding "three general requirements relevant to the [last] inquiry: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant").

This does not mean, however, that Plaintiff has thrown in the towel; on the contrary, Tower believes that § 1400(b) should yield to the general venue statute, 28 U.S.C. § 1391. As Plaintiff explains further, since "[t]here is no one district where Plaintiff's Complaint could be filed and all members of Defendants' self-styled 'corporate family' that work together to infringe the claims of the '215 Patent may be found," the general venue statute permits suit in a single federal district. See MTD Opp. at 3. As Lush Cosmetics NY, LLC operates a store in Georgetown, Plaintiff believes that this city is a suitable site for its suit. Unfortunately for Tower, the Supreme Court's pronouncements on the issue indicate otherwise.

In Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222 (1957), the Court teed up this issue: "The question presented is whether 28 U.S.C. 1400(b) . . . is the sole and exclusive provision governing venue in patent infringement actions, or whether that section is supplemented by 28 U.S.C. § 1391(c)." Id. at 222. The Court provided an unambiguous answer in holding § 1400 to be exclusive and not supplemented by the general venue statute. Id. at 229. Sixty years later, nothing has changed. In TC Heartland LLC v. Kraft Foods Group Brands LLC, 137 S. Ct. 1514 (2017), the Court reconsidered the question in light of interim amendments to § 1391. It nonetheless held that such amendments "did not modify the meaning of § 1400(b) as interpreted by Fourco. We therefore hold that a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." Id. at 1517. The plaintiff there, consequently, could not bring its infringement lawsuit "in any district in which the corporation is subject to personal jurisdiction." Id.

The Supreme Court, admittedly, did not address the circumstances here − in which companies that reside in various states are affiliated corporate entities − but its broad, unqualified language regarding the force of § 1400(b) precludes the outcome Plaintiff seeks, as other courts

4

have recently held. See Blue Spike, LLC v. Nook Digital, LLC, 2017 WL 3263871, at *3 (E.D. Tex. July 28, 2017) (noting that so long as there is formal separation of corporate defendants in patent case, courts must treat them separately and apply § 1400(b)); Symbology Innovations, LLC v. Lego Systems, Inc., 2017 WL 4324841, at *11 (E.D. Va. Sept. 28, 2017) (finding no venue in patent-infringement suit against entity that had no established place of business in district and refusing to attribute related entity's local stores to defendant where "corporate separateness is maintained").

As Tower may not proceed against the three Defendants in this city, the Court will grant their Motion to Dismiss.

B.   Transfer Under § 1404

The remaining six Defendants are five foreign entities and one Delaware limited-liability company, Lush Cosmetics NY, LLC. They now contend that even if venue in the District of Columbia is proper as to them, the Court should exercise its discretion to transfer this case under 28 U.S.C. § 1404(a) to the District of Connecticut. This Court has previously explained the standard:

> To warrant transfer under § 1404(a), a movant must first show that the plaintiff could originally have brought the case in the transferee district. Treppel v. Reason, 793 F. Supp. 2d 429, 435 (D.D.C. 2011). The movant must also show that "considerations of convenience and the interest of justice weigh in favor of transfer . . . ." Sierra Club v. Flowers, 276 F. Supp. 2d 62, 65 (D.D.C. 2003). This second inquiry "calls on the district court to weigh in the balance a number of case-specific factors," related to both the public and private interests at stake. [Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).] The burden is on the moving party to establish that transfer is proper. Trout Unlimited v. U.S. Dep't of Agric., 944 F. Supp. 13, 16 (D.D.C. 1996).

Douglas v. Chariots for Hire, 918 F. Supp. 2d 24, 31 (D.D.C. 2013).

5

The parties here agree that the threshold requirement of § 1404(a) is met, as the case could have originally been brought in Connecticut. More specifically, the five foreign entities can be sued in any judicial district, see 28 U.S.C. § 1391(c)(3), and Lush Cosmetics NY satisfies § 1400(b) because it has four retail stores in Connecticut that sell allegedly infringing products. See Transfer Mot., Exh. 2 (Declaration of Robert Murray), ¶ 5. Plaintiff's Opposition, in fact, never even addresses this prong, thereby conceding the point.

Having cleared this preliminary hurdle, the Court next moves to the private- and public-interest factors that underlie the case-specific, discretionary transfer inquiry under § 1404(a). "Those private-interest factors include: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the ease of access to sources of proof." Douglas, 918 F. Supp. 2d at 31 (citation omitted). "The public-interest factors include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the transferor and transferee courts; and (3) the local interest in having local controversies decided at home." Id. (citation omitted).

1. *Private-Interest Factors*

    a. Plaintiff's Choice of Forum

While courts generally defer to a plaintiff's choice of forum, "that deference is not always warranted where the plaintiff's choice of forum has no meaningful ties to the controversy, and where transfer is sought to a forum with which plaintiffs have substantial ties and where the subject matter of the lawsuit is connected." Jimenez v. R&D Masonry, Inc., 2015 WL 7428533, at *3 (D.D.C. Nov. 20, 2015) (citation and internal quotation marks omitted). "Indeed, when the forum preferred by the plaintiff is not his home forum, and the defendant

6

prefers the plaintiff's home forum, then there is little reason to defer to the plaintiff's preference." Id. (citation and internal quotation marks omitted).

Here, Tower is a Connecticut corporation with its principal place of business in Centerbrook, Connecticut. Plaintiff thus has substantial ties to that state, which is indeed its home forum. The only link it can muster to the District of Columbia is the fact that its attorneys are located here. Yet, "[t]he location of counsel carries little, if any, weight in an analysis under § 1404(a)." Brown v. SunTrust Banks, Inc., 66 F. Supp. 3d 81, 85 (D.D.C. 2014) (citation and internal quotation marks omitted).

Plaintiff's choice of forum, then, weighs only slightly against transfer.

### b. Defendant's Choice of Forum

While a defendant's choice of forum is a consideration when deciding a § 1404(a) motion, it is not ordinarily entitled to deference. See Mahoney v. Eli Lilly & Co., 545 F. Supp. 2d 123, 127 (D.D.C. 2008). And here, where Defendants move to transfer over Plaintiff's opposition, they must establish that the added convenience and justice of litigating in their chosen forum overcomes the slight deference given to Plaintiff's choice. See In re Vitamins Antitrust Litig., 263 F. Supp. 2d 67, 69 (D.D.C. 2003). To the extent this factor carries any heft, it weighs in favor of transfer.

### c. Whether Claim Arose Elsewhere

The Court next examines whether there is a nexus between the underlying transactions giving rise to the claim and the forum selected. See, e.g., Gipson v. Wells Fargo & Co., 563 F. Supp. 2d 149, 158 (D.D.C. 2008). When the material events that form the factual predicate of a plaintiff's claim did not occur in his chosen forum, transfer is favored. Intrepid Potash-N.M., LLC v. U.S. Dep't of Interior, 669 F. Supp. 2d 88, 95 (D.D.C. 2009). Where claims arise from

actions in several fora, "this factor does not weigh in favor or against transfer." Bederson v. U.S., 756 F. Supp. 2d 38, 48 (D.D.C. 2010).

"In a patent case, the locus of operative facts usually lies where either the patent-in-suit or the allegedly infringing product was designed, developed, and produced." JetBlue Airways Corp. v. Helferich Patent Licensing, LLC, 960 F. Supp. 2d 383, 400 (E.D.N.Y. 2013) (internal quotation marks and citation omitted). There is no contention here, of course, that any such activity occurred in this city, but Tower maintains that the patent was "conceived and reduced to practice in Ohio" and is not "being developed in Connecticut." Transfer Opp. at 7 (citations omitted). This factor thus is neutral.

> d. Convenience of Parties, Convenience of Witnesses & Ease of Access to Sources of Proof

The three final factors all relate to convenience, and here they favor transfer. As Defendants correctly point out, where Plaintiff has its principal place of business in Connecticut, it "cannot reasonably claim to be inconvenienced by litigating in its home forum." Transfer Mot. at 11-12 (citations omitted). Indeed, setting depositions and attending trial will be considerably easier for a number of Plaintiff's witnesses there. Although Tower asserts that actions related to the '215 patent did not occur in that state, see Transfer Opp. at 4, it views the case through too narrow a lens. Corporate records and executives are all in Connecticut, and Defendant will no doubt seek, at a minimum, to depose Rule 30(b)(6) designees and company officials. As for Defendants, the fora are equally inconvenient, as most of its witnesses reside abroad.

The private-interest factors, accordingly, tip in favor of Defendants' position.

> 2. *Public-Interest Factors*

The public-interest factors lean the same way.

### a. Transferee's Familiarity with the Governing Laws

Both parties agree that the legal issues presented here could be handled competently by a federal court in either district and that this factor is neutral. See Transfer Mot. at 14-15; Transfer Opp. at 7; see also, e.g., Nat'l Wildlife Fed'n v. Harvey, 437 F. Supp. 2d 42, 49 (D.D.C. 2006) (where "both courts are competent to interpret the federal statutes involved[,] . . . there is no reason to transfer or not transfer based on this factor").

### b. Relative Congestion of the Courts

Although Defendants contend that "[t]he relevant statistics suggest the parties are likely to proceed to trial more quickly in the District of Connecticut," Transfer Mot. at 15, the Court believes that this factor is in equipoise. While the numbers cited by Defendants may well be accurate, this Court individually does not have a congested calendar and could proceed with reasonable alacrity. See U.S. v. H & R Block, Inc., 789 F. Supp. 2d 74, 84-85 (D.D.C. 2011) (treating relative congestion of dockets as neutral factor in transfer analysis, noting that "statistics provide, at best, only a rough measure of the relative congestion of the dockets in the two districts. They do not, for example, reflect the differences in the caseloads carried by different individual judges in each district. Any disparities between the lengths of time from filing to trial may also reflect differences other than congestion, such as differences in the types of cases that are likely to be tried in each district and the level of discovery and pre-trial motion practice required in those cases.").

### c. Local Interest in Controversies

Plaintiff disclaims any Connecticut interest in the case, maintaining that the patent "was conceived and reduced to practice in Ohio" and that the invention "is not practiced by Plaintiff in Connecticut." Transfer Opp. at 7. This, however, is an odd approach and omits the salient facts

that Tower is incorporated in Connecticut and has its principal place of business there.  States certainly have an interest in protecting companies headquartered within their borders from alleged patent infringement by others.  Any financial recovery, additionally, would inure to Connecticut.  The District, meanwhile, has minimal interest in the result of this dispute, given that its only tangential connection is the one Lush store located here.  Four others, however, sit in Connecticut, thus dwarfing any interest D.C. possesses along these lines.

* * *

While all of the factors considered together may not overwhelmingly favor transfer, they do tip the scales sufficiently such that the Court believes the case belongs elsewhere.

**IV. Conclusion**

For the foregoing reasons, the Court will issue a contemporaneous Order granting both of Defendants' Motions.

/s/ James E. Boasberg<br>
JAMES E. BOASBERG<br>
United States District Judge

Date: January 24, 2018